# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>    Plaintiff,<br><br>              v.<br><br>QUINN SHINDA BASS,<br>    Defendant. | EDCR 19-321 DSF<br><br>Order REMANDING Case |

    Defendant has removed his criminal prosecution from state court. Criminal cases can be removed only under 28 U.S.C. § 1442 (federal officers or agencies) or § 1443 (civil rights cases). <u>See generally</u> 28 U.S.C. §§ 1441, et seq.

    Defendant is not alleged to be a federal officer. The Supreme Court has given 28 U.S.C. § 1443 a "restrictive interpretation." <u>People of the State of California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970).

> All petitions for removal must satisfy two criteria. First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the

> state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

Id. (quoting Georgia v. Rachel, 384 U.S. 780 (1966) and Greenwood v. Peacock, 384 U.S. 808 (1966) (internal citations omitted)). Defendant has not satisfied either of these two requirements.

This Court has no jurisdiction over the prosecution. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: September 27, 2019

*Dale S. Fischer*
Dale S. Fischer
United States District Judge